**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**YAHMEEN AMORU BEY**                                                                      **PLAINTIFF**

v.                              **CASE NO.: 4:16-CV-194-JM-BD**

**PULASKI COUNTY SHERIFF
DEPARTMENT, et al.**                                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background:**

Plaintiff Yahmeen Amoru Bey filed this case pro se.  (Docket entry #2)  Although the complaint is far from clear, Mr. Bey apparently seeks to initiate criminal charges against various state entities for alleged violations of federal criminal statutes.  (#2, pp. 2-3)  In addition, he asks the Court to enforce the Divine Constitution and By-Laws of the Moorish Science Temple of America.  (#2, p. 4)  He also demands that the U.S. Marshal

Service stop abuses by various Arkansas courts and police departments and seeks dismissal of a number of charges for minor offenses and traffic violations. (#2, p. 4)

### III.  Discussion:

Federal Courts are courts of limited jurisdiction. *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,93-94, 118 S.Ct. 1003, 1012 (1998)). It does not appear that any of Mr. Bey's claims fall within the jurisdiction of this Court. In the absence of jurisdiction, the Court's only function is "announcing [the lack of jurisdiction] and dismissing the cause." *Steel Co.*, 523 U.S. at 94. Regardless of what Mr. Bey is attempting to allege, he must show that this Court has jurisdiction over his claims.

To state a claim for relief, a pleading must contain a statement of the grounds for jurisdiction. FED.R.CIV.P. 8(a)(1). Mr. Bey's grounds for jurisdiction are "by virtue of the Arkansas state Constitution" and the "Reservations which Congress attached to the [International Covenant of Civil and Political Rights] in the Document of Ratification . . .". (#2, p. 2) Unfortunately for Mr. Bey, a violation of Arkansas law does not present a federal claim. *Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir.1996). In addition, the International Covenant of Civil and Political Rights ("ICCPR") was not self-executing, and Congress has yet to enact implementing legislation. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002)(citations omitted). A non-self-executing treaty is a political statement, not a judicial rule. *Medellin v. Texas*,

128 S.Ct. 1346, 1363, 552 U.S. 491, 516 (2008). So neither a violation of state law nor a violation of the ICCPR provides a basis for jurisdiction. While Mr. Bey mentions the Constitution in passing, he has not identified specific constitutional violations that would confer jurisdiction.

In the absence of federal jurisdiction, the court must dismiss this action, without prejudice. If Mr. Bey seeks to enforce a federal constitutional right, challenge the violation of federal law, or redress grievances related to a fully executed treaty, he may file an appropriate action. He is cautioned, however, that the Federal Rules of Civil Procedure require a short and plain statement of the claim. FED.R.CIV.P. 8(a)(2).

### IV. Conclusion:

The Court recommends that Judge Moody DISMISS this action, without prejudice, for lack of jurisdiction. The pending motion for leave to proceed *in forma pauperis* should be DENIED, as moot.

DATED this 19th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE